UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Raymond Heyde, individually and as
Trustee,                                      )
              Plaintiff       )
                                              )
    v.                                        )       Case No. 07-1182
                                              )
Gary Pittenger, et al,                        )
              Defendants    )

**ORDER**

Now before the Court is the Defendant's motion to stay this case (#24). The motion is fully briefed and I have carefully considered the arguments presented by the parties. For the following reasons, the motion is denied.

**BACKGROUND**

Plaintiff's complaint arises out of a dispute about the taxable assessment of his residential property. Plaintiff alleges that in 2006 his residential property was assessed at a value grossly exceeding fair market value, in retaliation for complaints he had filed in the preceding two years challenging those assessments. Plaintiff asserts that the defendants - members of the Tazewell County Board of Review and other Tazewell County employees - violated his equal protection rights, conspired to violate his equal protection rights, and retaliated against him for exercising his right to challenge the assessment, all in violation of 42 U.S.C. 1983.

Plaintiff's appeal of the assessment is currently pending before the Illinois Property Tax Appeal Board ("PTAB"). Defendants have filed a motion to stay these proceedings until that appeal is concluded, arguing that Plaintiff is obliged to exhaust administrative

remedies before bringing the dispute before this Court.  Plaintiff responds that PTAB can only correct the assessment;  it cannot order accrued interest on the excess amount of taxes paid, nor can it compensate Plaintiff for the reduction in marketability of his property. Likewise it cannot order payment of Plaintiff's attorneys fees.  Plaintiff also points out that PTAB's backlog on appeals is seven years, a wait that would destroy any meaningful remedy.

## DISCUSSION

Generally, § 1983 plaintiffs are not required to exhaust state remedies before filing in federal court.  Patsy v. Bd. of Regents, 457 U.S. 496 (1982); Wudtke v. Davel, 128 F.3d 1057, 1063 (7th Cir. 1997).

That general rule does not hold precisely in land use and takings claims.  As the Seventh Circuit noted, a claim that land use constitutes taking without just compensation does not state a constitutional claim unless the plaintiff can show there has been no just compensation.  That necessarily implies that plaintiff's claim for just compensation has been denied by the state.  Hence the additional ripeness requirements in taking case. See,  Behavioral Institute of Indiana, LLC v. Hobart City of Common Council, 406 F.3d 926, 931 (7th Cir. 2005);  Daniels v. Area Plan Comm'n of Allen County, 306 F.3d 445 (7th cir 2002).

An equal protection claim arising from land-use decisions can be made independently from a takings claim without being subject to those special requirements, however.  Forseth v. Village of Sussex, 199 F.3d 363 (7th Cir. 2000).  An equal protection claim in that context is viable if plaintiff demonstrates "governmental action wholly impossible to relate to legitimate governmental objectives."  Id. at 370,  quoting Esmail v.

Macrane, 53 F.3d 176, 180 (7th Cir. 1995).  Such a claim must show special circumstances, such as the malice of a governmental agent unrelated to legitimate state objective.  Id.

In this case, the Plaintiff - whose pleadings must be taken at face value at this stage of proceedings - has alleged just that:  the reassessment of his property was motivated by retaliation that was unrelated to a legitimate state objective.  Hence, there is no generalized exhaustion requirement applicable to this case and no basis for staying this litigation.

The cases cited by Defendants are not to the contrary.  Most of them are Title VII cases, in which exhaustion is statutorily mandated.  Defendants also assert that a stay is mandated by Ricci v. Chicago Mercantile Exchange, 409 U.S. 289 (1973).  Ricci was an antitrust case.  Administrative proceedings were pending before the Commodity Exchange Commission.  The Supreme Court held that the litigation should be stayed until the administrative review was complete.  The decision to stay was driven by the intricacies of the Commodity Exchange Act, the Rules enacted by the Commission, and the interplay of both with antitrust law.

Neither the law nor the facts of Ricci has nothing to do with the facts alleged in the complaint or the law governing the case before this Court.  The conclusion of Ricci is not easily or logically extended to apply to the facts alleged in this case.  The Court's comments that resolution of the dispute would be aided by the administrative decision simply cannot be read to change the law under § 1983, which is that exhaustion is not required.  I find Ricci inapposite.

Defendant also cites North American Van Lines Inc. v. State Bd. of Tax Com'rs of Indiana, 590 F. Supp. 311 (D.C. Ind.1984) for the proposition that abstention is the proper utilization of judicial resources pending somewhat duplicative proceedings on appeal to the

Indiana Supreme Court. Leaving aside the lack of precedential effect of this case, I do not find it persuasive under these circumstances. The underlying proceeding here is not a state court proceeding, nor has defendant asked this court to abstain.

## CONCLUSION

Exhaustion of administrative remedies is not needed before this case can proceed. Accordingly, the motion to stay [#24] is denied.

ENTER this 18th day of January 2008.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE