UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RAYMOND R.S. HEYDE, individually and as Trustee of the Raymond R.S. Heyde Revocable Trust, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 07-1182 |
| GARY PITTENGER, Chairman, Tazewell County Board of Review, et al., ) ) ) ) | |
| Defendants. ) | |

# **O R D E R**

This matter is now before the Court on Defendant Richard Brehmer's Motion for Summary Judgment and a Motion for Summary Judgment by Defendants Kristal Deininger and Jim Unsicker. For the reasons set forth below, Brehmer's Motion for Summary Judgment [#69] is GRANTED IN PART and MOOT IN PART, and the Motion for Summary Judgment [#71] by Deininger and Unsicker is GRANTED IN PART and MOOT IN PART.

## **JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. § 1331, as the claims are asserted pursuant to 42 U.S.C. § 1983.

## **BACKGROUND**

Plaintiff, Raymond R.S. Heyde ("Heyde"), is the trustee for the Raymond R.S. Heyde Revocable Trust. As trustee, Heyde holds title to residential property ("the property") located in Tazewell County, Illinois. Heyde's complaint arises out of the total

taxable assessment value ("assessment") on the property. He alleges the Defendants intentionally set the assessment at levels grossly exceeding the property's fair market value in retaliation for filing complaints with the Tazewell County Board of Review (the "BOR").

In the fall of 2003, Heyde received a Notice of Assessment (the "2004 Assessment") in which the property's assessment was reported at $207,720. Subsequently, Heyde challenged said value by filing a complaint with the BOR, and the BOR thereafter decreased the assessment to $140,000.

In August 2004, Heyde received a Notice of Assessment ("2005 Assessment") in which the property's assessment was reported at $149,850. Heyde again filed a complaint with the BOR, arguing the assessment exceeded 33 1/3% of the property's fair market value. In support of his complaint, he included a January 1, 2004, appraisal of his home that placed the value of the property at $420,000; this would result in an assessment of $140,000. However, the BOR affirmed the assessment.

In January 2005, the property was appraised at a fair market value of $435,000. In September 2005, Heyde received a Notice of Assessment ("2006 Assessment") in which the property's assessment was reported at $156,776. Once again, Heyde challenged the assessment by filing a complaint with the BOR, which at that time was comprised of Defendants Gary Pittenger ("Pittenger"), Lloyd Orrick ("Orrick"), and Joe Varda ("Varda"). The BOR thereafter increased the assessment from $153,776 to $436,276, which would result in a fair market value of $1,308,828. Given the original 2005 assessment of $156,776, Heyde argues the assessment increase to $436,276 is grossly disproportionate to 33 1/3% of the property's fair market value.

Subsequent to the BOR's increase in assessment, Defendant Richard Brehmer ("Brehmer"), the Tazewell County Assessor, reported the property's assessment at $458,860. Defendant, Jim Unsicker ("Unsicker"), at the time serving as Acting Supervisor of Assessments for Tazewell County, then mailed a Notice of Assessment ("2007 Assessment") to Heyde containing the $458,860 value. In May 2007, Heyde filed a complaint with the BOR, once again arguing the assessment grossly exceeded 33 1/3% of the property's fair market value. However, the BOR, then comprised of Defendants Pittenger, Rob Paulin ("Paulin"), and Robert Kaieser ("Kaieser"), affirmed the assessment at $458,860.

In October 2007, Brehmer reported the property's assessment at $476,410. Defendant Kristal Deininger ("Deininger"), Acting Supervisor of Assessments for Tazewell County, subsequently mailed a Notice of Assessment ("2008 Assessment") to Heyde containing the $476,410 amount.

Heyde brought this action on July 6, 2007, against BOR chairman Pittenger and former BOR members Orrick and Varda. On December 14, 2007, he amended his complaint to include current BOR members Paulin and Kaieser as defendants, as well as Tazewell County assessment officials Deininger, Unsicker, and Brehmer. In his Amended Complaint, Heyde asserts that the Defendants intentionally set the property's assessment at levels grossly disproportionate to 33.33% of its fair market value and thereby deprived him of his equal protection rights (Counts I and II), conspired to violate his equal protection rights (Count III), and retaliated against him for previously exercising his right to challenge assessments (Count IV), all in violation of 42 U.S.C. § 1983. Defendants Pittenger, Orrick, Varda, Paulin, and Kaieser have previously been dismissed. The remaining Defendants

have moved to dismiss this litigation as premature and for summary judgment on the merits.  This Order follows.

## DISCUSSION

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case."  Id. at 325.  Any doubt as to the existence of a genuine issue for trial is resolved against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial.  Celotex, 477 U.S. at 324. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]."  Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989).  Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

Although the motion is styled in terms of summary judgment, the remaining Defendants essentially seek dismissal of this action on the grounds that Heyde's action is premature. Specifically, they argue that because Heyde's appeal remains pending before the Illinois Property Tax Appeal Board, he has not exhausted his available state remedies and his federal claims are premature. In support of this argument, Defendants cite Fair Assessment in Real Estate Association, Inc. v. McNary, 454 U.S. 100, 116 (1981).

In McNary, the plaintiff was a non-profit corporation organized by taxpayers to promote the equitable enforcement of property tax laws. Id, at 105. Plaintiff sued defendant tax assessors, supervisors, the Director of Revenue, and three members of the Missouri State Tax Commission alleging that its members had been deprived of equal protection and due process by their unequal taxation of real property. Id., at 105-06. While one member's appeal of their property tax assessment was pending, the Plaintiff filed suit pursuant to 42 U.S.C. § 1983, seeking damages for the amount of any overassessments, punitive damages, and expenses incurred in efforts to obtain equitable property assessments. Id., at 106. The Supreme Court noted:

> Petitioners will not recover damages under § 1983 unless a district court first determines that respondents' administration of the County tax system violated petitioners' constitutional rights. In effect, the district court must first enter a declaratory judgment like that barred in *Great Lakes [Dredge & Dock Co. v. Huffman*, 319 U.S. 293 (1943)]. We are convinced that such a determination would be fully as intrusive as the equitable actions that are barred by principles of comity. . . . Taxpayers such as petitioners would

> be able to invoke federal judgments without first permitting the State to rectify any alleged impropriety. In addition to the intrusiveness of the judgment, the very maintenance of the suit itself would intrude on the enforcement of the state scheme. As the District Court in this case stated:
>
> To allow such suits would cause disruption of the states' revenue collection systems equal to that caused by anticipatory relied. State tax collection officials could be summoned into federal court to defend their assessments against claims for refunds as well as prayers for punitive damages, merely on the assertion that the tax collected was willfully and maliciously discriminatory against a certain type of property. Allowance of such claims would result in this Court being a source of appellate review of all state property tax classifications.

Id., at 113-14, *citing* Fair Assessment in Real Estate Association, Inc. v. McNary, 478 F.Supp. 1231, 1233-34 (E.D.Mo. 1979). Such actions were said to essentially operate to suspend collection of the state taxes. Id., at 115. The Supreme Court then held that "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts." Id., at 116. Accordingly, taxpayers must first seek redress for any deprivation of their federal rights by available state remedies, and may ultimately seek review of the state decisions in federal court. Id.

While couched in terms of comity rather than exhaustion, the Court sees no principled basis for distinguishing the clear holding in McNary from what Heyde is attempting to do in this case, as Heyde has a means to rectify what he considers to be an unjust situation through the state processes. A taxpayer dissatisfied with a decision of the BOR is entitled to appeal that decision to the Property Tax Appeal Board. If the taxpayer remains dissatisfied, he is entitled to then seek judicial review of the decision of the Property Tax Review Board pursuant to the Administrative Procedures Act.

Alternatively, the taxpayer may file objections to the BOR's decision in the circuit court to obtain a tax refund.  See Beverly Bank v. Board of Review of Will County, 117 Ill.App.3d 656, 662 (3rd Dist. 1983).  In fact, the pleadings indicate that his appeal to the Illinois Property Tax Appeal Board remains pending at this time.  The cases cited by Heyde in an attempt to demonstrate that he can proceed with this case are readily distinguishable from the clearly tax-based claims asserted in this case.  In Beverly Bank, a state court was reviewing equal protection, due process, and discrimination claims by a taxpayer who had already transferred his case from federal court back to state court pursuant to McNary.  In Hager v. City of West Peoria, 84 F.3d 865 (7th Cir. 1996), the holding specifically rested on the fact that the municipal ordinances regulating truck traffic were regulatory not tax ordinances.  In Forseth v. Village of Sussex, 199 F.3d 363, 370-71 (7th Cir. 2000), the Seventh Circuit was dealing with equal protection claims in the context of a "taking" and land-use decision.

While the state remedies available to Heyde are admittedly slow-moving, this is not a sufficient reason for the Court to find that they are inadequate and allow him to bypass the state court processes and ignore the recognition of comity required by the Supeme Court.  The Court therefore finds that under McNary, it is clear that Heyde must initially pursue his claims through available state remedies.

## CONCLUSION

For the reasons set forth above, the portion of the Motions [#69 and #71] seeking dismissal of this action as premature is GRANTED, and the portion seeking summary judgment on the merits is MOOT.  Under the clear holding of McNary, Heyde must initially pursue his claims in state court prior to seeking federal review of the state court

determinations in the Supreme Court pursuant to Huffman v. Pursue, Inc., 420 U.S. 592, 605 (1975). This matter is now DISMISSED WITHOUT PREJUDICE, and all other pending motions are MOOT.

ENTERED this 20th day of January, 2009.

                                                    s/ Michael M. Mihm
                                                    Michael M. Mihm
                                                  United States District Judge